RICHARD DORISON, PLAINTIFF, v. IRVING SHULTZ AND BESSIE SHULTZ, HIS WIFE, MORRIS SCHULTZ AND CLARA SCHULTZ, HIS WIFE, AND SAUL NEMSER, DEFENDANTS.

Decided March 26, 1931.

Before Justice PARKER at Chambers.

For the plaintiff, *Pierson, Schroeder & Brand.*

For the defendants, *Saul Nemser.*

PARKER, J. The suit is for a deficiency over a sale in foreclosure. The complaint sets up a bond and mortgage made by the defendants to the plaintiff, default in the payment of the bond, the institution and completion of a suit to foreclose, sale by the sheriff within the statutory period before beginning of the suit, which sale was to the plaintiff who bid $100 for the first tract and $100 for the second tract, leaving a deficiency of some sixteen thousand odd dollars. The answer admits the making of the bond and mortgage and pleads ignorance of the other matters set up in the complaint. However, it is perfectly clear from the affidavits of the defendants themselves that they knew all about the progress of the foreclosure and that they, or some of them, attended at the sale. Consequently there is no question of fact so far as the allegations of the complaint are concerned. It is set up by way of special defense in the first place, that

the complaint does not state the cause of action; and secondly, that it does not allege any breach of the bond, or default, or plead the condition of the bond. The complaint does all of these things and I see nothing wrong about it as a legal pleading. Probably these attacks were directed at the original complaint which was withdrawn and an amended complaint substituted. However, this may be the complaint as now before me is good.

As to matters of fact, the answer sets up that on the day of sale it was agreed between the parties that the defendants should not bid at the sale and that the plaintiff should be allowed to buy in at a nominal bid, and that in consideration thereof the plaintiff would not sue for deficiency; that accordingly, the defendants refrained from bidding and the plaintiff did buy in at a nominal bid, and consequently is now estopped from bringing this present action. The affidavits show that none of the defendants was prepared to bid at the sale, but that they had gone to see a man named Max Goren, a real estate operator, whose affidavit is before me and who says that he agreed to help the defendants by bidding at the sale, as he had examined the property and concluded that it was good value for $17,000, so that he was prepared to take it over for that price, or if defendants could finance the matter later on, he was ready to give them the benefit of his purchase; that accordingly he went to the sale with the two Shultz defendants and had a talk with the plaintiff and plaintiff's attorney, got a statement of the amount due on the decree, and that the plaintiff said that he wanted the property and that no one need fear a deficiency suit because it would open the foreclosure, which he did not wish to do. I need not go further into the details of the matter. So far as relates to the sufficiency of the affidavits for the defendants, they raise questions of fact which if valid in law would clearly take the case to a jury and prevent an award of summary judgment at this time.

The case, therefore, comes down to the question whether the fact that plaintiff agreed, in consideration of Goren refraining from bidding, not to sue for a deficiency, made a

legal contract or estoppel. Goren, while interested on his own account, was brought in by defendants, and I hold for present purposes that any lawful agreement with him by plaintiff relating to the sale and bidding enured to the benefit of defendants.

The question is then whether there was any lawful agreement; and this I answer in the negative. The law does not tolerate any influence likely to prevent competition at a sale such as this, particularly an agreement to stifle bidding. 35 *C. J.* 39, 40; *National Bank* v. *Sprague,* 20 *N. J. Eq.* 159. And where the transaction has been carried through pursuant to an unlawful agreement, the law will not aid either party as against the other but will leave both where it finds them. *Gregory* ads. *Wilson,* 36 *N. J. L.* 314.

Hence the agreement, if there was one, was unenforceable by either party against the other, and the fact that one party performed it gives no right of action or defense against the other party. As to estoppel, I cannot see that it features in the case. The claim is that the defendants' friend was induced to forego his right to bid by an agreement not to press for deficiency. That was a contract, and an illegal one.

I conclude that the answer should be struck out and summary judgment entered. The statute gives defendants all the relief to which they are entitlde by opening the foreclosure and preserving the right to redeem until six months after final judgment herein. *Comp. Stat., pp.* 3420, 3423; *Pamph. L.* 1915, *p.* 339.